IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AXA DISTRIBUTORS, ) | |
| LLC and AXA ADVISORS, LLC., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | CIVIL ACTION NO.:  1:08-cv-00188 |
| ) | |
| GAYLE S. BULLARD, et al., ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

COME NOW AXA Distributors, LLC ("AXA Distributors") and AXA Advisors, LLC ("AXA Advisors") (collectively, "Plaintiffs") and hereby move this Court for a preliminary injunction against Defendants Gayle S. Bullard, Peggy J. Cole, Beverly L. Davis, Jesse D. Dean, Jacqueline P. Draughon, Hans D. Erbskorn, Charlene B. Erbskorn, Rabon W. Harrison, Ruth K. Harrison, James H. Hausman, Donald W. Hendley, Edward L. Hinson, Jeanette C. Hinson, Gayle O. Hudson, Kenneth W. Joyner, James R. Little, Linda D. Little, Sarah A. Martin, Sarah McCord, Jerry Mims, Nina Sue New, Hazel J. Odom, Mary Harriett Patton, Jack R. Perry, Freddy Quattlebaum, Carolyn H. Saunders, Roy W. Saunders, Earl T. Senn, Edna Senn, Reuben S. Shelley, June K. Shelley, Anita Carol Shirah, Danny L. Snell, Floyd Starling, Virginia Starling, Willa C. Storey, Jeanette S. Sutherland, Mary E. Todd, Betty M. Vann, F. Terry Walden, Shirley J. Walker, Helen S. Hall Walworth, Debra Rebecca White, Pheobie D. Wilson and Charles H. Woodham (collectively, "Defendants") pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. As grounds for this motion, Plaintiffs state as follows:

1.  Plaintiffs move this Court for an Order to preliminarily restrain and enjoin Defendants, their agents, attorneys, and all persons acting in concert or participation with them,

or similarly situated with them, from proceeding with their claims pending against the Plaintiffs in the arbitration styled *Gayle S. Bullard, et al., v. AXA Equitable Life Insurance Company, et al.*, FINRA Arbitration No. 08-00280. Plaintiffs seek an injunction on the grounds that Plaintiffs have no legal obligation to arbitrate the Defendants' claims because there is no written or oral agreement between the parties to do so. In addition, the Defendants were not customers of the Plaintiffs or their associated persons, nor does Defendants' arbitration proceeding arise in connection with Plaintiffs' business activities. As such, the law does not imply an agreement to arbitrate between the parties. For the reasons set forth in Plaintiffs' Memorandum of Law, the likelihood of Plaintiffs' success on the merits is substantial. Moreover, forcing Plaintiffs to litigate in an arbitration forum to which they have not agreed constitutes *per se* irreparable harm, which far exceeds any potential harm to the Defendants. Thus, Plaintiffs' motion for preliminary injunctive relief should be granted. *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002).

    2.    Plaintiffs' Motion is supported by Plaintiffs' Memorandum of Law in Support Plaintiffs' Motion for Preliminary Injunction, submitted contemporaneously herewith.

    3.    Because the issues raised by the instant motion are similar to those raised in Defendants' Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration, Plaintiffs respectfully request that this Motion for Preliminary Injunction be considered jointly with Defendants' Motion to Dismiss. Plaintiffs further request that the briefing schedule for Plaintiffs' Motion for Preliminary Injunction be set to coincide with the briefing schedule already in place for Defendants' Motion to Dismiss, with all briefs to be submitted on or before July 21, 2008. In addition, because the issues raised by both the Motion to Dismiss and Motion for Preliminary Injunction are unique and involve complex issues of fact and law, Plaintiffs

respectfully request that this Court grant the parties the opportunity to present oral argument in support of their respective motions.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs AXA Distributors, LLC and AXA Advisors, LLC move this Court to issue a preliminary injunction restraining and enjoining Defendants, their agents, attorneys, and all persons acting in concert or participation with them, or similarly situated with them, from proceeding with their claims pending against the Plaintiffs in the arbitration styled *Gayle S. Bullard, et al., v. AXA Equitable Life Insurance Company, et al.*, FINRA Arbitration No. 08-00280.

Respectfully Submitted,

/s/ Andrea Morgan Greene
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea Morgan Greene (GRE102)

Attorneys for Plaintiffs
AXA Distributors, LLC and AXA Advisors, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

  Andrew P. Campbell
  Caroline Smith Gidiere
  Campbell, Gidiere, Lee, Sinclair & Williams, PC
  2100-A SouthBridge Parkway, Suite 450
  Birmingham, Alabama 35209


on this the 27th day of June, 2008.


                                            /s/ Andrea Morgan Greene
                                            OF COUNSEL