IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AXA DISTRIBUTORS, LLC and<br>AXA ADVISORS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:08cv188 |
| | ) | |
| GAYLE S. BULLARD et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**DEFENDANTS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN
SUPPORT OF REPLY SUPPORTING DEFENDANTS' MOTION TO
DISMISS AND DEFENDANTS' RESPONSE TO MOTION FOR
PRELIMINARY INJUNCTION**

---

In support of Defendants' response to Plaintiffs' motion for a preliminary

injunction and Defendants' reply in support of their motion to dismiss the

complaint, Defendants Gayle S. Bullard et al. call the Court's attention to *WMA

Securities, Inc. v. Wynn*, 191 F.R.D. 128, 130-31 (S.D. Ohio 1999), attached as

Exhibit A. This case supports Defendants' arguments regarding (1) the definition

of "customer" under the NASD Code and (2) the application of the NASD Code as

the arbitration agreement in the absence of an express written agreement between

the FINRA/NASD member and the party bringing the arbitration.

Respectfully Submitted,


/s/ Caroline Smith Gidiere
One of the Attorneys for Defendants


**OF COUNSEL:**

Andrew P. Campbell
Caroline Smith Gidiere
Campbell, Gidiere, Lee, Sinclair
       and Williams, PC
2100A SouthBridge Parkway, Suite 450
Birmingham, Alabama  35209
(205) 803-0051
Fax: (205) 803-0053
acampbell@cgl-law.com
cgidiere@cgl-law.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 28th day of July 2008:

A. Inge Selden III
John N. Bolus
Andrea Morgan Greene
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000


/s/ Caroline Smith Gidiere
**OF COUNSEL**

# EXHIBIT A

Westlaw.

191 F.R.D. 128                                                              Page 1
191 F.R.D. 128
**191 F.R.D. 128**

▶WMA Securities, Inc. v. Wynn
S.D.Ohio,1999.

United States District Court,S.D. Ohio,Western
Division.
WMA SECURITIES, INC., Plaintiff,
v.
Dean WYNN, et al., Defendants.
**No. C-1-99-278.**

Dec. 17, 1999.

Securities brokerage firm sought judicial review of
arbitration award in favor of investors. On defendants'
motion for protective order, the District Court,
Timothy S. Hogan, United States Magistrate Judge,
held that defendants' were "customers" of plaintiff,
and thus plaintiff was obligated, under National
Association of Securities Dealers (NASD) rule, to
submit to arbitration of their claim even in absence of
written arbitration agreement.

Motion granted.

West Headnotes

[1] T ⬠412

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(I) Exchanges and Dealer Associations
            25Tk411      Relations      Between
Customer-Investors and Broker-Dealers
            25Tk412 k. In General. Most Cited
Cases
    (Formerly 33k91 Arbitration, 160k11(11.1))
Clients who turned over investment funds to securities
broker who was acting on behalf of brokerage firm
were "customers" of firm, and thus firm was
obligated, under National Association of Securities
Dealers (NASD) rule, to submit to arbitration of their
claim even in absence of written arbitration
agreement.

[2] **Federal Civil Procedure 170A ⬠1673.1**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(G) Admissions on Request
            170Ak1673 Subject Matter
                170Ak1673.1 k. In General. Most Cited
Cases
Requests for admissions that law precluded award of
attorney fees was improper request for conclusion of
law. Fed.Rules Civ.Proc.Rule 36(a), 28 U.S.C.A.

**\*128** Kevin Robert McDermott,Schottenstein Zox &
Dunn, Columbus, OH, for plaintiff.
Patrick Gerard Carl Moeller,Hamilton, OH, Joel A.
Goodman, Kalju Nekvasil, Goodman & Nekvasil,
Clearwater, FL, for defendants.

**\*129  ORDER**

TIMOTHY S. HOGAN, United States Magistrate
Judge.
Before the Court is Defendants' Motion for a
Protective Order (Doc. 13), Plaintiff's Memorandum
in Opposition (Doc. 15), the affidavit of Kalju
Nekvasil, Esq. (Doc. 18) and the Plaintiff's
Supplemental Memorandum (Doc. 21). For the
reasons which follow, Defendants' Motion is granted.

**BACKGROUND INFORMATION**

In March, 1999, a panel of arbitrators decided that
WMA Securities, Inc. was liable to Defendants Dean
and Margaret Wynn and Quentin Fields and made an
award of $199,000 to the Wynns, $65,500 to Quentin
Fields and awarded attorney fees and costs of $80,000.
The Wynns and Mr. Fields had purchased promissory
notes issued by First Lenders Indemnity Corporation
(FLIC) that they claimed to be unregistered,
fraudulent and part of a Ponzi scheme. WMA
Securities, Inc. defended, in part, on the basis that the
NASD lacked jurisdiction to hear the action because
the parties did not enter into an agreement to arbitrate
and all of the claimants were not customers of WMA
Securities, Inc. Both the claimants and WMA
Securities, Inc. requested an award of attorney fees. At
the hearing, WMA Securities, Inc. conceded that Mr.
Fields was a customer and that the panel had
jurisdiction over his claim; however it maintained that

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

191 F.R.D. 128
191 F.R.D. 128
**191 F.R.D. 128**

there was no jurisdiction over the claims of the Wynns and no jurisdiction to make an award of attorney fees, although both parties had requested such an award. The panel found that WMA Securities, Inc. was required to submit to arbitration pursuant to Rule 10301 of the NASD Code of Arbitration Procedure and was bound by the determination of the panel, despite the fact that the Wynns had not entered into a written agreement to arbitrate. The ultimate question in this lawsuit is whether the arbitration award should be vacated. If it should, permitting further discovery makes sense. If it should not, further discovery is pointless. Defendants, the Wynns and Mr. Fields, have decided to call the question by virtue of the filing of their Motion for a Protective Order, the purpose for which is to preclude further discovery. The stimulus for the filing of the instant motion was the submission of Requests for Admissions by WMA Securities, Inc. upon the Defendants.

### THE ARGUMENT OF THE WYNNS AND MR. FIELDS

In support of their argument that a Protective Order should be granted, Defendants say that the issues involved in this case were presented and decided by the arbitrators and that complete discovery on those issues was permitted during the arbitration proceedings. In addition, Defendants say that they were cross-examined by WMA Securities, Inc. at the arbitration hearing as was Rothfuss, the person who sold the securities to them. Defendants cite a number of cases which support the proposition that when parties submit to arbitration, they relinquish the right to discovery. The most convincing of these cases are _Burlington Northern Joint Protective Board v. Burlington Northern R.R._, 822 F.2d 810 (8th Cir.1987) and _O.R. Sec. v. Professional Planning Assoc._, 857 F.2d 742 (11th Cir.1988). Defendants also say that under Section 6 of the Federal Arbitration Act, 9 U.S.C. § 6, applications to vacate an arbitration award are treated as motions and preempt Federal Rules of Civil Procedure 26 through 37. See _Heath Serv. Management v. Hughes_, 975 F.2d 1253 (7th Cir.1992). Defendants argue that one of the purposes of arbitration is to receive an accelerated resolution and to permit post arbitration litigation over the same issues frustrates the purpose of arbitration. See _United Paperworkers Int'l Union v. Misco, Inc._, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

Defendants next attack the requested admissions themselves as "legal conclusions." Although Requests for Admissions were propounded to both the Wynns and Mr. Fields, only some of the Requests propounded to Mr. Fields are in issue here and these are numbered 6-18. Defendants consider these questions to be "pure questions of law" and neither statements of fact or opinion, nor applications of the law to statements of fact. As such, Defendants claim that these requests\*130 are improper under Rule 36(a), Federal Rules of Civil Procedure.

### THE ARGUMENT OF THE PLAINTIFF

Plaintiff argues that Defendants have not complied with Local Rules 37.1 and 37.2 which require counsel to exhaust extrajudicial means of resolving discovery differences. However, the day after Plaintiff's Memorandum in Opposition was filed, Defendants filed the affidavit of Kalju Nekvasil, Esq. detailing his unsuccessful efforts to avoid the filing of the Motion for a Protective Order. The affidavit was filed well in advance of any consideration by the Court of the merits of the motion. Accordingly, this argument was rendered moot by the filing of counsel's affidavit.

Plaintiff's second argument is that the cases cited by Defendants in support of their Motion for a Protective Order are inapplicable because they all contained an agreement to arbitrate. Plaintiff believes that the absence of an agreement to arbitrate in this case distinguishes those cases from the instant situation. Plaintiff relies on _First Options v. Kaplan_, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), _Daisy Mfg., Inc. v. NCR Corp._, 29 F.3d 389 (8th Cir.1994) and _Smith Barney, Inc. v. Sarver_, 108 F.3d 92 (6th Cir.1997). Plaintiff did not seek to enjoin the arbitration proceedings nor did it refuse to participate. Plaintiff did, however, contest the jurisdiction of the arbitrators over the claim of the Wynns by filing a Motion to Dismiss and raised the jurisdictional issue in its Answer.

Plaintiff then says that the **NASD** Code of Arbitration Procedure has a more restrictive scope than the Federal Rules of **Civil Procedure**. As an example, Plaintiff argues that under the NASD Code, WMAS was not entitled to depose any party prior to the hearing. Plaintiff does not contest Defendants' representation that both of the Wynns and WMA sales agent Rothfuss did testify at the hearing and Plaintiff

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

191 F.R.D. 128                                                                                    Page 3
191 F.R.D. 128
**191 F.R.D. 128**

now has access to that testimony.

## OPINION

[1] The Wynns and Mr. Fields invoked the jurisdiction of the Arbitration Tribunals of the National Association of Securities Dealers, Inc. pursuant to arbitration clauses contained in the Licensing Agreement that WMA Securities has with the National Association of Securities Dealers, Inc. (NASD), the NASD Code of Arbitration Procedure and Form U-4 of Scott Thomas Rothfuss. WMA objected to jurisdiction on the basis that the Wynns were not customers. WMA did not contest jurisdiction as it related to Mr. Fields. WMA also objected to jurisdiction on the basis that there was no written agreement of the Wynns to arbitrate. Although the jurisdictional issue was called to the attention of the arbitrators, the panel found the absence of an agreement to arbitrate insignificant in light of its conclusion that "WMA is required to submit to arbitration pursuant to Rule 10301 of the NASD Code of Arbitration Procedure and is bound by the determination of the arbitration panel on all issues submitted."

Rule 10301 entitled "Required Submission" is quoted in pertinent part below:

(a) Any dispute, claim, or controversy eligible for submission under the Rule 10101 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by a duly executed and enforceable written agreement or upon the demand of the customer.

A Customer is defined as anyone who is not a broker or dealer. "Customer" is not defined as WMA would have it, as a person who opened an account with a brokerage firm. That this distinction was important to the arbitration panel is apparent from Page 82 of the Partial Transcript of the Arbitration Proceedings. Additionally, the panel put reliance upon the case of *Oppenheimer v. Neidhardt, 56 F.3d 352 (2d Cir.1995)*. In the *Oppenheimer* case, the Second Circuit as well as the Trial Court found that the claimants were "customers" of Oppenheimer on the basis that: (1) Oppenheimer's representative, DeSimone, solicited

the claimant to become a member of Oppenheimer by placing funds with Oppenheimer for investment, and (2) the claimant turned over his funds to *131 Oppenheimer to be invested for his benefit under a trustee's supervision. Because the claimant in the Oppenheimer established the above "indicia" of customer status, both Courts found the claimant to be a customer within Section 12(a) of the NASD Code, which provides that "any dispute, claim or controversy ... between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated person shall be arbitrated under this Code ... upon the demand of the customer." Oppenheimer argued that the account holding the claimant's funds was a corporate account in the name of EAF and that Oppenheimer was a stranger to the transaction. The Second Circuit's response to that argument was that DeSimone was an Oppenheimer vice president. When the claimant dealt with DeSimone, he was dealing with Oppenheimer. WMA's position here is even weaker than Oppenheimer's. Although WMA does not claim to be a stranger to the transaction, it seeks a hyper-technical definition of the term "customer." It is clear that the Wynns and Mr. Fields turned over their funds to Rothfuss, that Rothfuss was acting on behalf of WMA, and that the sole purpose of the transactions was to benefit the claimants. The panel properly found "customer" status in the absence of an agreement to arbitrate.

In addition, the *Oppenheimer* case held that a securities broker/dealer was required to arbitrate a dispute under the NASD Code upon the demand of the customer. The claimants in this case obviously made such a demand by virtue of the filing of their petition to arbitrate in the first place.

Although the decision of the panel on jurisdiction is not further explained, the rationale must have been that the Wynns were customers because the indicia of customer status was met and that they made a demand for arbitration in lieu of presenting an agreement to arbitrate. No argument is advanced in support of this Motion for a Protective Order that either the licensing agreement between WMA and NASD and/or the Form U-4 of Scott Rothfuss contain an applicable arbitration provision nor did the arbitration panel chose to base jurisdiction upon either of those arguments. Having agreed with the panel that jurisdiction did exist, at

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

191 F.R.D. 128
191 F.R.D. 128
**191 F.R.D. 128**

least insofar as a finding of liability and an award of damages are concerned, and that having been the case, further discovery about those issues in this Court would be pointless. The issues of further discovery and jurisdiction are merged in the Motion for a Protective Order; nevertheless, it is our Order that the Motion for a Protective Order be granted. The panel of arbitrators did, in our view, have the jurisdiction to hear the case, make a finding on liability, and award damages. Further discovery is therefore precluded.

## THE PROPRIETY OF THE REQUESTS FOR ADMISSIONS

[2] WMA propounded 12 Requests for Admissions to Mr. Fields. Ten of these Requests concern the applicability of attorney fees under 15 U.S.C. §§ 77 and 78, the Securities Act, §§ 1707.41, 1707.43 and 1701.44 of the Ohio Revised Code and §§ 10(b), 10(b)(5), 12(1) and 12(2) of the Securities Exchange Act. In addition, WMA wants Defendants to admit that there is no provision for an award of attorney fees under Ohio law for a breach of contract claim absent an explicit contractual provision, and that Ohio does not recognize a private right of action for a violation of NASD Rules. Lastly, WMA wants Defendants to admit that under Ohio law, attorney fees are only awardable if (1) they are statutorily authorized, (2) agreed to by the parties, or (3) in the event that punitive damages are awarded in a tort action.

Defendants object to all of these Requests for Admissions on the basis that each requested admission seeks a pure conclusion of law. Assuming for the moment that the Court had jurisdiction to consider this case, we would hold that under Rule 36(a), Federal Rules of Civil Procedure, that Defendant's objections should be sustained. Obtaining an admission that the law permits or precludes attorney fees gets a party exactly nowhere. It is the Court's obligation to determine the issue as a matter of law. The issue is one for the Court to decide. Were it a factual matter between the parties, an admission, especially\*132 one against some interest of the party responding to the request for admission, would have considerable weight. Such is not the case here. Having decided the issue, the Court infers from Plaintiff's lack of argument against such a proposition that Plaintiff has no response to make.

## JURISDICTION TO AWARD ATTORNEY

## FEES

Having concluded that it made sense to delve into the jurisdictional question for purposes of resolving the Motion for a Protective Order, we must make the opposite conclusion with respect to the jurisdictional question concerning the power of the arbitration panel to make an award of attorney fees and costs. It is clear that Plaintiff is arguing that none of the applicable statutes has a provision for an award of attorney fees. However, Defendants are arguing that attorney fees are authorized by the Federal Arbitration Act and by *Tennessee Dept. of Human Services v. United States Dept. of Educ., 979 F.2d 1162 (6th Cir.1992),* and that costs are authorized by the Federal Arbitration Act and *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co., 918 F.2d 1215 (5th Cir.1990).* In the latter case, the arbitration was required by the contract of the parties as in the instant case, but the Court made no award of costs. Whether or not costs can be awarded under the umbrella of a remedy fashioned by the arbitrators is not decided by *Anderman/Smith.* It is, however, implied by the Sixth Circuit's decision in *Tennessee Dept. of Human Services, supra.* When asked to decide that the American Rule applies to an award of attorney fees in arbitration, the Circuit declined to so rule and pointed to a number of cases where courts have awarded attorney fees to the prevailing party in arbitration.

This Court declines to make a recommendation involving the jurisdictional issue of attorney fees and costs. These issue are unaffected by the Plaintiff's discovery overtures and are dispositive in nature. In deciding whether or not to confirm or vacate the award of the arbitration panel, the District Judge must necessarily resolve this issue.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for a Protective Order is granted in its entirety.

S.D.Ohio,1999.
WMA Securities, Inc. v. Wynn
191 F.R.D. 128

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.