# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AXA DISTRIBUTORS, LLC and AXA ADVISORS, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:08cv188<br>) |
| GAYLE S. BULLARD et al., | )<br>) |
| Defendants. | )<br>)<br>) |

## MOTION TO STRIKE AFFIDAVIT OF JOHN E. PINTO

COME NOW the Defendants, Gayle S. Bullard et al., and, for the reasons set forth below, move this Court for an order striking the affidavit of John E. Pinto, filed in conjunction with Plaintiffs' Reply Memorandum in Support of Their Motion for Preliminary Injunction.

1.  Plaintiffs submit the affidavit of John E. Pinto in order to interpret certain definitions in the NASD Code, which constitutes the contract at issue in this action. However, the Eleventh Circuit has repeatedly ruled on the meaning of these terms, and further, the terms are clear and unambiguous, and no extrinsic evidence of their meaning is admissible.

2. Alabama law governs the contract issues in this action. *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1326 n.5 (11th Cir. 2006) (state law governs in diversity cases); *Multi-financial Securities Corp. v. King*, 386 F.3d 1364, 1387 (11th Cir. 2004) (Court must interpret the NASD Code as it would a contract under applicable law).

3. Under Alabama law, "[i]n the absence of fraud, mistake, or illegality, parol evidence is not admissible to explain, contradict, vary, add to, or subtract from the express terms of a complete and unambiguous" contract. *Moore v. Pennsylvania Castle Energy Corp.*, 89 F.3d 791, 795 (11th Cir. (Ala.) 1996). *See also Shadrick v. Johnston*, 571 So. 2d 1008, 1012 (Ala. 1990) (When the language of a contract "is clear and unambiguous, its effect can be determined as a matter of law and extrinsic evidence is inadmissible to vary its terms."); *Black Diamond Development Corp. v. Thompson*, 979 So. 2d 47, 52 (Ala. 2007) (unambiguous contract "must be enforced according to the plain meaning of its terms.").

4. Plaintiffs attempt to introduce extrinsic expert evidence in the form of an affidavit from John E. Pinto to argue that the definitions of "customer" and "associated person" are something other than that contained within the plain and unambiguous language of the NASD Code. As such, the affidavit must be stricken as impermissible parol evidence of the terms of an unambiguous contract.

5. The Eleventh Circuit has already ruled more than once that the definition of "customer" in the NASD Code means simply what it says: "A customer shall not include a broker or a dealer." NASD Code 12100(i); *Multi-Financial Securities Corp. v. King*, 386 F.3d 1364, 1368 (11th Cir. 2004) (concluding that it was the NASD's "***clear and unambiguous*** choice to leave the term as defined generally," and that the language does not require a person to be "a direct customer of" a member in order to satisfy the definition); *MONY Securities Corp. v. Bornstein*, 390 F.3d 1340, 1343-44 (11th Cir. 2004).

6. In fact, the Eleventh Circuit has already ruled that extrinsic evidence of the NASD arbitration rules is inadmissible because the rules are clear and unambiguous. *King*, 386 F.3d at 1368 n.3 ("The Court will not consider the extrinsic evidence presented by IFG regarding the purported intent of the NASD because the rules at issue are clear and unambiguous."). Under controlling Eleventh Circuit law, the affidavit of Mr. Pinto is due to be struck.

For the above reasons, Defendants respectfully request the Court to GRANT its Motion to Strike the Affidavit of John E. Pinto.

Respectfully Submitted,

          /s/ Caroline Smith Gidiere
          One of the Attorneys for Defendants

Andrew P. Campbell
Caroline Smith Gidiere
Campbell, Gidiere, Lee, Sinclair
    and Williams, PC
2100A SouthBridge Parkway, Suite 450
Birmingham, Alabama  35209
(205) 803-0051
Fax: (205) 803-0053
acampbell@cgl-law.com
cgidiere@cgl-law.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Andrea Morgan Greene, Esq.
Armistead Inge Selden, III, Esq.
John Norman Bolus, Esq.
**MAYNARD, COOPER, & GALE, P.C.**
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL  35203


                                              /s/ Caroline Smith Gidiere
                                              Of Counsel